IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:25-CV-821-MEO-DCK

| | |
|---|---|
| ALEXANDER EDWARD KLIEVER, and DANAE PORTALES KLIEVER, )<br>)<br>) | |
| Plaintiffs, )<br>) | **ORDER** |
| v. )<br>) | |
| KRISTI NOEM, Secretary, U.S. Department Of Homeland Security, et al., )<br>)<br>) | |
| Defendants. )<br>) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendants' Motion To Dismiss" (Document No. 9) filed January 30, 2026. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will direct that the pending motion to dismiss be <u>denied</u> as moot.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

## DISCUSSION

On February 20, 2026, Plaintiffs filed a "First Amended Complaint" (Document No. 12) pursuant to Fed.R.Civ.P. 15(a)(1)(B). As such, the undersigned will direct that "Defendants' Motion To Dismiss" (Document No. 9) be denied as moot.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'").

To the extent Defendants contend the Amended Complaint is deficient, this Order is without prejudice to Defendants filing a renewed motion to dismiss the Amended Complaint.

**IT IS, THEREFORE, ORDERED** that "Defendants' Motion To Dismiss" (Document No. 9) is **DENIED AS MOOT**.

**SO ORDERED**.

Signed: March 4, 2026

David C. Keesler
United States Magistrate Judge